1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VELASQUEZ, | Case No.  1:19-cv-00683-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| DIAZ, *et al.*, | |
| Defendants. | (ECF No. 15) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Jorge Velasquez ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On July 22, 2021, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 15.)  The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.* at 11.)

The deadline has expired, and Plaintiff has failed to file a first amended complaint or otherwise communicate with the Court.

///

1

## II.     Failure to State a Claim

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.     Plaintiff's Allegations

Plaintiff is currently out of custody. The events at issue in the complaint took place while Plaintiff was housed at Avenal State Prison in Avenal, California. Plaintiff names the following defendants: (1) Ralph Diaz, Secretary of CDCR; (2) Kathleen Allison, Director of Adult Institutions of CDCR; and (3) Rosemary Ndoh, Warden at Avenal State Prison. All are sued in their individual and official capacities. Plaintiff alleges as follows:

///

2

On December 12, 2017, Defendant Allison authored a department memorandum which announced the expansion of the merging of the SNY (Sensitive Needs Yard, previously called Protective Custody) prisoners with the General Population prisoners in all level 1 and level 2 yards. On July 19, 2018, the Inmate Representatives at Plaintiff's facility submitted a group statement to Defendant Ndoh voicing their concerns and disagreement with the proposed merge. On September 10, 2018, Defendant Diaz authored a department memorandum which sets forth the schedule for said merging of the yards. Said memo states that the institution where Plaintiff is currently confined, Avenal State Prison, is scheduled to be merged with the SNY prison population, in January of 2019.

It has been long understood by both the Courts and CDCR officials that SNY prisoners cannot safely merge with General Population prisoners. Each and every time these merges have taken place intentionally or unintentionally, there has been well documented incidents of violence, whether the SNY prisoners attacked and assaulted the GP prisoners out of fear for their lives or were attacked and assaulted themselves by GP prisoners. This planned merge would place Plaintiff at serious risk of harm or injury and in violation of his right to be protected from violence. These Defendants are well aware of and are completely disregarding such an excessive risk to Plaintiff's health and safety.

Plaintiff states that he was included in a Group 602 administrative appeal regarding this issue, however, prison officials refused to file and adjudicate said grievance. Moreover, Plaintiff argues that in this exigent circumstance, Plaintiff will suffer irreparable harm unless the Court grants temporary relief to maintain the status quo pending exhaustion.

Plaintiff requests that the Court: (1) issue a Temporary Restraining Order and Preliminary Injunction enjoining the named Defendants, their successors in office and employees and all other persons acting in concert and participation with them, from merging the SNY and GP prisoners together in what they refer to as Non-Designated Programming Facilities; (2) issue a declaratory judgment stating that the Defendants' actions herein violate Plaintiff's Eighth Amendment rights and constitute deliberate indifference to Plaintiff's health and safety; and (3) issue a Permanent Injunction prohibiting Defendants, their successors in office and employees and all other persons

3

1    acting in concert and participation with them, from merging SNY and GP prisoners together.

2        **C.    Discussion**

3        Plaintiff's complaint fails to state a cognizable claim for relief and fails to comply with

4    Federal Rule of Civil Procedure 8.

5            **1.    Federal Rule of Civil Procedure 8**

6        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

7    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

8    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

9    of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

10   (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

11   claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

12   at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also*

13   *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

14       Although Plaintiff's complaint is short, it is not a plain statement of his claims.  Plaintiff's

15   allegations are conclusory and generalized statements of law unsupported by any facts.  As

16   currently pled, Plaintiff's complaint does not contain enough factual content to permit the Court

17   to draw the reasonable inference that Defendants are liable for the misconduct alleged.  *Iqbal*, 556

18   U.S. at 678.  Therefore, Plaintiff's complaint does not comply with the requirements of Rule

19   8(a)(2).

20           **2.    Eleventh Amendment – Official Capacity**

21       Plaintiff asserts that he is suing all Defendants in both their official and individual

22   capacities.  "Suits against state officials in their official capacity . . . should be treated as suits

23   against the State."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d

24   1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official

25   capacities as a suit against the state of California).  An official-capacity suit "represent[s] only

26   another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v.*

27   *Graham*, 473 U.S. 159, 165 (1985) (citation omitted).  Such a suit "is not a suit against the

28   official personally, for the real party in interest is the entity."  *Id.* at 166.

4

1    A claim for prospective injunctive relief against a state official in his or her official

2    capacity is not barred by the Eleventh Amendment provided the official has authority to

3    implement the requested relief.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 92 (1989).

4    Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a

5    named official's personal involvement in the acts of omissions constituting the alleged

6    constitutional violation."  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th

7    Cir. 2013); *see Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant

8    for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his

9    official capacity).  Instead, Plaintiff need only identify the law or policy challenged as a

10   constitutional violation and name the official or officials within the entity who is or are alleged to

11   have a "fairly direct" connection with the enforcement of that policy, *see Ex Parte Young*, 209

12   U.S. 123, 157 (1908), and can appropriately respond to injunctive relief.  *Hartmann*, 707 F.3d at

13   1127 (citation omitted); *see also Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012).

14   Here, Plaintiff seeks a temporary restraining order, a preliminary injunction, and a

15   permanent injunction prohibiting Defendants Diaz, Allison, and Ndoh, their successors in office,

16   employees, and all other persons acting in concert and participation with them, from merging the

17   levels 1 and 2 SNY and GP prisoners at Avenal State Prison together into NDPF yards.  However,

18   it is not clear from the complaint, which was filed in May 2019, that Plaintiff was housed at

19   Avenal State Prison in January 2019, when the SNY and GP prisoners were to be merged into

20   NDPF yards.  In addition, Plaintiff's notice of change of address, filed July 8, 2019, indicates that

21   he is no longer in the custody of CDCR.  (ECF No. 8.)

22   "In general a case becomes moot when the issues presented are no longer live or the

23   parties lack a legally cognizable interest in the outcome."  *Murphy v. Hunt*, 455 U.S. 478, 481

24   (1982) (citation and internal quotation marks omitted).  The law provides that claims for

25   prospective injunctive relief "relating to [a prison's] policies are moot" when the prisoner has

26   been transferred from the prison and "he has demonstrated no reasonable expectation of returning

27   to [the prison]."  *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *see also*

28   *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).  In this case, while Plaintiff is

seeking injunctive relief relating to the application of the NDPF policy to Avenal State Prison's levels 1 and 2 yards, Plaintiff is no longer incarcerated and there is no indication that Plaintiff has a reasonable expectation that he will return to the custody of CDCR or be returned to Avenal State Prison.  Therefore, Plaintiff's official capacity claims for prospective injunctive relief are moot.

Further, the Eleventh Amendment does not bar suits for prospective declaratory relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law.  *See Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000).  However, when a prisoner seeks injunctive relief concerning conditions at a prison, the prisoner's claims for prospective injunctive relief are moot when the prisoner is "no longer subject to the prison conditions or policies he challenges." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012).  As noted above, while Plaintiff is seeking injunctive relief relating to the application of the NDPF policy to Avenal State Prison's levels 1 and 2 yards, Plaintiff has since been released from custody, and Plaintiff has failed to allege facts demonstrating that he has a reasonable expectation of returning to Avenal State Prison.  Therefore, Plaintiff's official capacity claims for prospective declaratory relief are also moot.

Consequently, Plaintiff has not sufficiently pled a cognizable official capacity claim against Defendants Diaz, Allison, and/or Ndoh.

### 3.    Supervisor Liability

To the extent that Plaintiff seeks to hold Defendants Diaz, Allison, and Ndoh liable based solely upon their supervisory roles, Plaintiff may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v.*

*Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

In this case, Plaintiff alleges that Defendants, who are all supervisory officials, are liable in their individual capacities for violating his Eighth Amendment rights by implementing a policy that merges SNY prisoners with GP prisoners in all level 1 and level 2 yards, including at Avenal State Prison, where Plaintiff was housed when the complaint was filed.  However, first, Plaintiff has failed to allege facts demonstrating that the policy to merge SNY and GP prisoners on all level 1 and level 2 yards into NDPFs is itself a repudiation of Plaintiff's Eighth Amendment rights.

Second, Plaintiff has not alleged that the implemented NDPF policy resulted in a violation of his Eighth Amendment rights.  Plaintiff's complaint does not contain any factual allegations asserting that he was or has been housed on a NDPF yard at Avenal State Prison, or that he has otherwise been subjected to an actual, non-speculative risk of harm due to Defendants Diaz's, Allison's and/or Ndoh's implementation of the NDPF yard policy.  Therefore, Plaintiff has not sufficiently pled a cognizable claim of supervisory liability based on a constitutionally deficient policy against Defendants Diaz, Allison, and/or Ndoh.

### 4.      CDCR Implementation of the NDPF Policy

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.* at 834 (internal quotation marks and citations omitted).  "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Id.*  Second, the prison official must subjectively have a

sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citations omitted).  The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  Then, the official must fail to take reasonable measures to abate the substantial risk of serious harm.  *Id.* at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983.  *Id.* at 835.

### a.   Facial Challenge

A constitutional challenge to a policy is "'facial' [if it is not limited to plaintiff['s] particular case, but challenges application of the law more broadly. . . ." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (facial challenges "reach beyond the particular circumstances of these plaintiffs.")  Facial challenges are disfavored. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008).  "A facial challenge to a [policy] is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [policy] would be valid.  The fact that the [policy] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid[.]" *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Here, Plaintiff has not alleged any facts demonstrating that implementation of the NDPF policy would always violate the Eighth Amendment, no matter which SNY or GP inmates or which Level 1 or 2 prison yards the policy was applied to.  Since Plaintiff has not included allegations that the policy would be unconstitutional as applied in all situations, Plaintiff has not pled a cognizable claim against Defendants Diaz, Allison, and Ndoh, in their individual capacities, that the NDPF policy is facially invalid under the Eighth Amendment.

### b.   As Applied Challenge

"'[A] [policy] . . . may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question.'" *Little v. Streater*, 452 U.S. 1, 16 (1981) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).  Thus, to support an "as applied"

challenge, Plaintiff must show that his individual circumstances make the general application of the NDPF policy unconstitutional.  *See Doe v. United States*, 419 F.3d 1056, 1063 (9th Cir. 2005).

Here, Plaintiff alleges that the implementation of the NDPF policy at Avenal State Prison would place Plaintiff at serious risk of harm or injury, in violation of his right to be protected from violence and that Defendants Diaz, Allison, and Ndoh are well aware of, and are completely disregarding, such an excessive risk to Plaintiff's health or safety.  However, Plaintiff has not alleged any facts to support his conclusory allegation that implementation of the NDPF policy would place Plaintiff at serious risk of harm or injury.  In fact, Plaintiff does not allege that he was ever housed on an NDPF yard at Avenal State Prison.  Further, Plaintiff has not alleged that he had any known enemies, or that he was threatened with an assault by any person or group, that would have been, or were housed, at the Avenal State Prison NDPF yard that Plaintiff was, or would have been, housed at.  Therefore, Plaintiff has not sufficiently pled that he has been incarcerated under conditions posing a substantial risk of serious harm because "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007).

Further, Plaintiff's allegation that Defendants Diaz, Allison, and Ndoh are well aware of, and are completely disregarding, the excessive risk to Plaintiff's health and safety is also a conclusory statement unsupported by any facts.  Plaintiff has not alleged facts showing that he told Defendants Diaz, Allison, and/or Ndoh, or that each of the Defendants was aware of, a non-speculative, specific risk to Plaintiff's health and safety.  Therefore, Plaintiff has not adequately pled that Defendants Diaz, Allison, and Ndoh knew of and disregarded an excessive risk of serious harm to Plaintiff's health and/or safety.  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) ("The [deliberate indifference] standard does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault.  But, on the other hand, he must have more than a mere suspicion that an attack will occur.").

Accordingly, Plaintiff has not pled a cognizable claim against Defendants Diaz, Allison, and Ndoh, in their individual capacities, that, as applied to Plaintiff, the NDPF policy is invalid under the Eighth Amendment.

### 5.    Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### 6.    Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot.  As discussed above, Plaintiff is no longer incarcerated.  Therefore, any injunctive relief he seeks against CDCR officials is now moot.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### III.    <u>Failure to Prosecute and Failure to Obey a Court Order</u>

#### A.    Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

1  appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

2  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

3  failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46

4  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

5  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

6  amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

7  (dismissal for failure to comply with court order).

8        In determining whether to dismiss an action, the Court must consider several factors:

9  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

10  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

11  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

12  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

13        **B.**    **Discussion**

14        Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

15  Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his

16  case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

17        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

18  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

19  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

20  dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

21  639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose

22  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

23  progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products*

24  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

25        Finally, the Court's warning to a party that failure to obey the court's order will result in

26  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

27  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's July 22, 2021 screening order

28  expressly warned Plaintiff that his failure to file an amended complaint would result in a

1    recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

2    for failure to state a claim.  (ECF No. 15, p. 11.)  Thus, Plaintiff had adequate warning that

3    dismissal could result from his noncompliance.

4         Additionally, at this stage in the proceedings there is little available to the Court that

5    would constitute a satisfactory lesser sanction while protecting the Court from further

6    unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

7    action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

8    likely to have no effect given that Plaintiff has ceased litigating his case.

9    **IV.    Conclusion and Recommendation**

10        Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

11   RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

12   pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to

13   prosecute this action.

14        These Findings and Recommendation will be submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

16   **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

17   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

19   specified time may result in the waiver of the "right to challenge the magistrate's factual

20   findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

21   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23   IT IS SO ORDERED.

24   Dated:   **August 31, 2021**                    /s/ *Barbara A. McAuliffe*

25                                                          UNITED STATES MAGISTRATE JUDGE

26

27

28